UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

Jacob Ross,

           Plaintiff,                    Case No. 1:22-cv-75

v.                                          Honorable Sally J. Berens

Heidi Washington et al.,

           Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 3.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).[1]

---

[1] "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "[O]ne becomes a party officially, and is

The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues MDOC Director Heidi Washington and the Warden of Parnall Correctional Facility (SMT) in Jackson, Jackson County, Michigan.

---

required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350 (citations omitted). The PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal"). The statute governing consent, 28 U.S.C. § 636(c), provides that a U.S. magistrate judge may order judgment "[u]pon the consent of the parties." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, they are not presently parties whose consent is required to permit me to conduct a preliminary review under the PLRA. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment."). *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, __ F.4th __, 2022 WL 322883, at *4–6, *4 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges: "[i]n 2018[,] my father named Gary Stephen Alvord was murdered by an inmate" at SMT "[w]hile in his unit and/or cell." (Compl., ECF No. 1, PageID.3.) Plaintiff contends that "[a]ccording to relevant information, prison officials failed to follow security protocol and take necessary reasonable measures to provide for the safety of [his] father." (*Id.*)

Plaintiff avers that "[t]his failure to protect is a violation of deliberate indifference and because of this failure[,] his [father's] death has caused [Plaintiff] mental and emotional trauma." (*Id.*; *see* ECF No. 1-1, PageID.6.) Plaintiff further avers that "[t]heir actions have posed a substantial risk of serious harm that led to [his] father[']s death and [his] pains." (Compl., ECF No. 1, PageID.3.)

Plaintiff seeks monetary damages in the amount of five million dollars. (*Id.*, PageID.4.)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Plaintiff lacks standing, authority, or a cognizable claim

"In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457–58 (6th Cir. 2007); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) ("Section 1983 creates a cause of action for deprivation of civil rights," and "[b]y its own terminology, the statute grants the cause of action 'to the injured party.'" (footnote omitted)).  "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly

4

suffered personally by the victim's family members." *Claybrook*, 199 F.3d at 357 (citation omitted).

Here, Plaintiff brings this action pursuant to Section 1983 for the "mental and emotional trauma" that he suffered personally due to his father's death. (Compl., ECF No. 1, PageID.3.) The complaint contains no allegations or facts to suggest that Plaintiff is the legal representative of his father's estate. As explained above, Plaintiff may not proceed under Section 1983 for the emotional distress he suffered personally as a result of his father's death. *See Garrett*, 374 F. App'x at 615 (citing *Claybrook*, 199 F.3d at 357).

Furthermore, to the extent that Plaintiff seeks to act on behalf of his deceased father, Plaintiff may not do so. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only with respect to her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Relying on this statute, the Sixth Circuit has squarely held that a *pro se* party may not prosecute a representative wrongful death action brought under Section 1983, where the beneficiaries thereof included persons other than himself. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). The court relied on an earlier Second Circuit case, which had held that an administratrix or executrix of an estate may not proceed in a wrongful death action *pro se* when

5

the estate has beneficiaries and creditors other than the litigant. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). Here, it does not appear that Plaintiff is a licensed attorney, and as a layman, Plaintiff may only represent himself with respect to his individual claims and may not act on behalf of his father. Therefore, Plaintiff's claims are properly dismissed.

Moreover, even assuming that Plaintiff could proceed with this suit, for the reasons set forth below, the Court concludes that Plaintiff fails to state a plausible claim for relief against the named Defendants.

**B.     Defendants Washington and SMT Warden**

In this action, Plaintiff names MDOC Director Washington and the Warden of SMT as Defendants. (Compl., ECF No. 1., PageID.1–2.) Plaintiff fails to specifically name either Defendant in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Additionally, to the extent that Plaintiff seeks to hold Defendants liable for the actions of their subordinates, government officials, such as Defendants, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious

liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough; nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See id.* at 678–79; *Twombly*, 550 U.S. at 555. Plaintiff has failed to allege that Defendants engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a plausible claim upon which relief may be granted against the named Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

7

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: February 17, 2022 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge